IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:02-CR-31-1H

UNITED STATES OF AMERICA )
)
v. )
)
) ORDER
)
JOHN SINCLAIR, )
)
)
Defendant. )

This matter is before the court on defendant's "Motion for Specific Performance of Plea Agreement" as well as his "Motion for Evidentiary Hearing and Reduction of Sentence" pursuant to Rule 35(b). This matter is ripe for adjudication.

### BACKGROUND

On April 15, 2002, the defendant pled guilty, pursuant to a memorandum of plea agreement, to the following two counts of a criminal information: (1) possession with the intent to distribute more than fifty (50) grams of cocaine base (crack), in violation of Title 21, United States Code, Section 841; and, (2) using and carrying a firearm during and in relation to a drug trafficking crime in violation of Title 18, United States Code, Section 924(c).

On July 23, 2004, this court sentenced defendant to a term of imprisonment of 262 months. Although government agents did debrief defendant on more than one occasion, the United States Attorney found that the assistance did not rise to the level of "substantial assistance" and therefore no motion for downward departure was made at sentencing.

Defendant now contends that the government should have subsequently filed a motion for downward departure pursuant to Rule 35 of the Federal Rules of Civil Procedure and moves this court to force the government to file such motion.

## COURT'S DISCUSSION

The government has the power, but not the duty, to file motions under U.S.S.G. § 5K1.1 and Rule 35(b) when a defendant substantially assists the government. Wade v. United States, 504 U.S. 181, 185-87 (1992). Because the government is under no obligation to file a Rule 35(b) motion, even if the defendant renders substantial assistance, courts generally lack authority to review the government's decision not to file a Rule 35(b) motion.

The Supreme Court has recognized three exceptions to the rule that the district court lacks authority to review the government's decision not to file a substantial assistance motion. Review is authorized (1) if the government obligated itself in the plea agreement to file a motion; (2) if the

2

Case 7:02-cr-00031-H Document 50 Filed 06/29/10 Page 2 of 4

decision not to file a motion is based on an unconstitutional motive, such as race or religion; or (3) "if the prosecutor's refusal to move was not rationally related to any legitimate government end." Wade, 504 U.S. 185-87. Generalized allegations of an improper motive do not entitle a defendant to review of the government's decision not to file a motion. Id at 186. "Neither a claim that a defendant merely provided substantial assistance nor additional but generalized allegations of improper motive will entitle a defendant to a remedy or even to discovery or an evidentiary hearing. A defendant has a right to the latter procedures only if he makes substantial threshold showing of improper motive." Wade v. United States, 504 U.S. at 186.

In the instant matter, defendant has made no specific showing or allegation that entitles the defendant to a review of the government's decision not to file a Rule 35(b) motion. Although petitioner argues that he agreed to plead guilty based on his understanding that he would receive a sentence reduction, the plea agreement does not obligate the government to file such a motion. In fact, the plea agreement specifically notes that the government "will make known to the Court at sentencing the full extent of the Defendant's cooperation, but the Government is not promising to move for departure pursuant to U.S.S.G. §5K1.1, 18 U.S.C. § 3553(e), or Fed. R. Crim. P. 35."

3

(Memorandum of Plea Agreement § 3(d) [DE #13].) At sentencing, the Assistant United States Attorney informed the court that although defendant had cooperated, the government did not deem the assistance to be "substantial." The government complied with its obligation under the plea agreement.

Defendant has not shown evidence which falls into one of the three exceptions which would allow this court to review the government's decision not to file a motion pursuant to Rule 35. Therefore, defendant's motions are denied.

## CONCLUSION

For the foregoing reasons, defendant's motions [DE #48 and #49] are DENIED.

This 29th day of June 2010.

*Malcolm J. Howard*
Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26